UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID G.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:25-CV-5605-DWC

ORDER DENYING PLAINTIFF'S
MOTION TO STAY AND GRANTING
DEFENDANT'S MOTION TO
DISMISS WITHOUT PREJUDICE

Plaintiff initiated this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for disability insurance benefits ("DIB").[1] Dkt. 1. Currently before the Court are Plaintiff's motion to stay the case (Dkt. 6) and Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Dkt. 9).

The Court concludes Plaintiff failed to exhaust his administrative remedies before filing his complaint and the Court lacks statutory jurisdiction. Accordingly, the Court denies Plaintiff's motion to stay (Dkt. 6) and grants Defendant's motion to dismiss (Dkt. 9) without prejudice.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

## I.      Background

Plaintiff challenged an ALJ's denial of his application for DIB, and, on May 8, 2024, the United States Court of Appeals for the Ninth Circuit directed that the case be remanded for further proceedings. Dkt. 9-1 at 3, 5–8. After a hearing, an ALJ issued an unfavorable decision denying benefits on March 14, 2025. *Id.* at 3, 11–32. On April 18, 2025, Plaintiff filed written exceptions with the Appeals Council. *Id.* at 3, 33–39. Plaintiff initiated this action on July 11, 2025. Dkt. 1. The parties agree that the Appeals Council had not yet issued its decision on Plaintiff's pending exceptions when Plaintiff filed his complaint. *See* Dkts. 6, 7, 9.

On August 5, 2025, Plaintiff filed a motion to stay the case and an accompanying declaration of counsel stating the complaint had been filed prematurely by mistake. Dkts. 6, 7. He requested the case be stayed until the Appeals Council issued its decision on Plaintiff's pending exceptions. *Id.* On August 18, 2025, Defendant filed a motion to dismiss for failure to state a claim, arguing Plaintiff had failed to exhaust his administrative remedies before filing the complaint. Dkt. 9. Plaintiff filed a response requesting that the Court deny the motion to dismiss and grant the stay to spare him the potential expense of filing another complaint once the matter is ripe for review. Dkt. 10.

## II.     Discussion

This Court has statutory jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Under the relevant federal regulations, a claimant obtains a judicially reviewable final decision only after completing all of the required steps, including asking for reconsideration of an initial determination, requesting a hearing, and requesting review by the Appeals Council. *See* 20 C.F.R. § 404.900(a)(5); *see also* 20 C.F.R. §§ 404.907, 404.929, 404.967. Only after the administrative process is complete and the agency

1  makes a final decision may an individual request judicial review in this Court. 20 C.F.R. §

2  404.900(a)(5). "A claimant's failure to exhaust the procedures set forth in the Social Security

3  Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." *Bass v. Soc. Sec. Admin.*, 872

4  F.2d 832, 833 (9th Cir. 1989) (per curiam) (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984);

5  *Ensey v. Richardson*, 469 F.2d 664, 666 (9th Cir. 1972)).

6      In cases previously remanded by a Federal court, a claimant may, but is not required to,

7  request review by the Appeals Council before seeking judicial review. 20 C.F.R. § 404.984. If

8  exceptions are not filed within 30 days and the Appeals Council does not assume jurisdiction

9  within 60 days, the ALJ's decision becomes the final decision of the Commissioner. 20 C.F.R.

10  §§ 404.900(a)(5); 404.984(d). But if the claimant chooses to file exceptions, the agency's

11  decision does not become final until the Appeals Council issues a decision or denies the

12  claimant's request for review. 20 C.F.R. §§ 404.900(a)(5); 404.981; *see also Sims v. Apfel*, 530

13  U.S. 103, 106–07 (2000) ("SSA regulations provide that, if the Appeals Council grants review of

14  a claim, then the decision that the Council issues is the Commissioner's final decision. But if . . .

15  the Council denies the request for review, the ALJ's opinion becomes the final decision.");

16  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (decision "not final

17  until the Appeals Council denies review or, if it accepts a case for review, issues its own findings

18  on the merits."). A claimant may file a civil action in Federal court within 60 days of the

19  Commissioner's final decision. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

20      Here, the parties agree Plaintiff filed written exceptions with the Appeals Council and the

21  Appeals Council had not yet issued a decision or denied Plaintiff's request for review when

22  Plaintiff filed his complaint in this Court. Accordingly, the Commissioner's decision is not yet

23  final and not subject to judicial review. Plaintiff does not challenge this conclusion; rather, he

24

1   requests the case be stayed pending action by the Appeals Council, at which time the decision

2   will be ripe for review or the complaint will be moot. Dkts. 7, 10. However, in the absence of a

3   final agency decision, the Court lacks jurisdiction over this case, and dismissal without prejudice

4   is appropriate. *See Bass*, 872 F.2d at 833 (affirming dismissal for lack of subject matter

5   jurisdiction when Plaintiff failed to exhaust procedures in 42 U.S.C. § 405(g)); *Heckler*, 466 U.S.

6   at 617 ("[T]he exhaustion requirement [of 42 U.S.C. § 405(g)] . . . is a prerequisite to jurisdiction

7   under that provision."); *Ensey*, 469 F.2d at 666 ("The failure to pursue and exhaust these

8   administrative remedies precludes judicial review of the matter.").

9   **III.    Conclusion**

10          Based on the foregoing reasons, the Court ORDERS:

11          (1) Plaintiff's motion to stay the case (Dkt. 6) is DENIED;

12          (2) Defendant's motion to dismiss (Dkt. 9) is GRANTED, and this case is dismissed

13                 without prejudice.

14          Dated this 23rd day of September, 2025.

15

16          _____

17          David W. Christel
            United States Magistrate Judge

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFF'S MOTION TO
STAY AND GRANTING DEFENDANT'S
MOTION TO DISMISS WITHOUT PREJUDICE - 4